### J. C. Moses et al. v. W. C. Dibrell et al.

### No. 141.

1. **Recorded Instrument as Evidence—Forged Power.**—An affidavit of forgery attacking the power under which an agent executed a deed which was duly acknowledged and recorded, does not prevent such deed from being admitted in evidence under article 2257, Revised Statutes. The statute declares that every instrument duly recorded shall be admitted in evidence * * * unless attacked as a forgery.

2. **Want of Seal to Certificate of Record — Other Proof of the Record.**—That a certificate of the record of a deed was not attested by the proper seal is no objection to the competency of such deed in evidence, it having been shown by the production of the record books that the deed was duly recorded in such records.

3. **Official Certificate of Acknowledgment to Deed.**—See certificate of acknowledgment to a deed held sufficient to show who appeared before the officer to acknowledge the deed, in what capacity, whose act it was, and for whom executed.

4. **Limitation.**—The express enactment that a forged instrument can not be the basis of limitation under the five years statute would seem to imply that the statutory rule would not obtain to the statute of ten years.

5. **Basis for Ten Years Limitation—Deed which does not Pass Title.**—A deed executed by an agent without authority to pass title to the land may be a basis for the defense of ten years limitation, when followed by actual possession under such deed.

Error from Coleman.   Tried below before Hon. J. W. Timmins.

*Scarborough & Rogers*, and *Ledbetter & Randolph*, for plaintiffs in error.

1. When a deed, or the power of attorney under which it was executed, is attacked as a forgery, it is error to admit it in evidence without proof of execution as at common law.   Rev. Stats., art. 2257; 60 Texas, 527; 58 Texas, 681; 65 Texas, 225; 27 Texas, 612.

2. A deed is not admissible in evidence as a duly recorded instrument when the certificate of record is attested over the seal of the District Court.   Rev. Stats., arts. 1116, 1160, 1131.

3. Until the officer before whom an instrument has been acknowledged identifies the party who appears before him as the one who signed the instrument, and until he further certifies that the party so appearing acknowledged that he or they executed the instrument, it is not admissible as a duly recorded instrument.   64 Texas, 284; Buel v. Irwin, 24 Mich., 152.

4. A title deraigned through a forged deed, or a deed executed under a forged power of attorney, will not support the plea of limitation. Rev. Stats., art. 3193.

5. An instrument which appears upon its face to be a deed, and not a "memorandum of title other than a deed," is not admissible to support

the plea of ten years limitation, and a fortiori when deraigned through a forged power of attorney.   Rev. Stats., art. 3195.

6. A deed deraigned through a forged power of attorney is not admissible as a muniment of title, or to support limitation.   Rev. Stats., art. 3193.

No brief for defendants in error has reached the Reporter.

COLLARD, Associate Justice.—Action of trespass to try title by J. C. Moses and others, plaintiffs in error, against W. C. Dibrell and G. K. Elkins, defendants in error, brought on the 18th day of August, 1888, for two 640 acres surveys of land, patented to the heirs of David Moses, known as surveys numbers 499 and 500, the former by virtue of bounty warrant issued to the heirs of David Moses, and the latter by donation warrant issued to such heirs, patents dated respectively March 18, 1858, and March 22, 1858.

Defendants pleaded not guilty; Dibrell setting up statute of limitation of five and of ten years to survey number 499, and Elkins same pleas of limitation to survey number 500.

Upon trial, March 5, 1890, the jury returned a verdict for defendants as follows, " We, the jury, find for the defendants on the grounds of limitation;" and judgment was accordingly entered for them for the land respectively claimed by each.

Plaintiffs have brought the case to this court by writ of error.   There is no brief on file for defendants in error.

The first assignment of error is: " The court erred in admitting in evidence the deed purporting to have been executed by N. R. May, as attorney in fact and agent for H. D. Moses and Amanda Shed, of date May 20, 1875, for the reasons set out in bills of exceptions numbers 1, 2, and 6."

Before the trial, March 4, 1889, plaintiffs demanded the filing by defendants of an abstract of their title, which was done on the 23d of March, 1889, as follows for G. K. Elkins:

" 1.  Power of attorney from H. Moses to N. R. May, dated October 12, 1873, to sell and sign deeds to the David Moses surveys of land in Coleman County, Texas, recorded in book D, records Brown County, page 282; said power of attorney now lost, and said records of Brown County now destroyed, and no certified copy procurable.

" 2.  Deed of H. D. Moses and Amanda Shed, legal heirs of David Moses, deceased, by their attorney N. R. May, to G. K. Elkins, same being a warranty deed from said parties to said Elkins, conveying two 640 acres tracts of land in Coleman County, Texas, patented to the heirs of David Moses, deceased, known as surveys numbers 499 and 500.   Acknowledged before J. Y. Rankin, clerk District Court, Brown County,

Texas, January 26, 1875; recorded in book A, records of deeds of Coleman County, pages 173, 174, 175, May 23, 1876.

" 3. Power of attorney from David Entriken and Amanda F. S. Entriken to L. G. Moses, dated March 8, 1854, authorizing L. G. Moses to procure, locate, and sell all lands belonging to them from State of Texas as heirs of David Moses, deceased. Acknowledged before Thomas G. Sims, one of the justices of the Inferior Court of Coweta County, Georgia, 8th of March, 1854; original on file in Land Office, and copy recorded in Coleman County, book L, pages 517, 518, and 519, February 3, 1885.

" 4. Deed to Arthur J. Lott from L. G. Moses for self and attorney in fact for Amanda F. S. Entriken and David Entriken, conveying two tracts of land in Coleman County, Texas, known as surveys numbers 499 and 500, patented to the heirs of David Moses, deceased, deed dated November 29, 1856. Acknowledged before Geo. W. Campbell, notary public, in Washington County, Texas, November 29, 1856; recorded in Coleman County, Texas, February 17, 1885, book L, 519, 520, and 521.

" 5. Deed of W. L. Davidson to G. K. Elkins, same two surveys. Acknowledged January 4, 1886, and recorded in Coleman County, July 14, 1886.

" 6. Original patent survey number 500, date March 22, 1858."

Defendant Dibrell adopts the abstract above, except number 6, and makes for himself the following:

" 1. Deed from G. K. Elkins to W. M. Erath to survey number 499, of 640 acres, patented to the heirs of David Moses, in Coleman County, Texas, dated October 17, 1882. Acknowledged before L. C. Williamson, county clerk Coleman County, Texas, October 17, 1882, book G, 579 and 580.

" 2. Deed from W. M. Erath to W. C. Dibrell, conveying same land as above in number 1, dated October 2, 1883. Acknowledged before L. C. Williamson, county clerk Coleman County, Texas, October 2, 1883; recorded in Coleman County, October 4, 1885, book K, 220.

" 3. Copy of patent from the State of Texas to said survey number 499 to heirs of David Moses."

The abstract also shows, that Elkins claims survey number 500 by limitation of five and ten years, and that Dibrell so claims survey number 499; and also both parties defendant set up outstanding title in L. G. Moses and Amanda F. S. Entriken.

On the 14 of October, 1889, James C. Moses, one of the plaintiffs, filed his affidavit, declaring that the power of attorney from H. Moses to N. R. May, of date October 12, 1873, was a forgery.

The patents to the land were read in evidence, and there was proof tending to show that plaintiffs were the heirs of David Moses, to whose heirs the certificates were issued and the patents were granted.

Defendants' evidence tended to show, that the David Moses to whose

heirs the certificates and the patents were issued was another man, a married man, and died in 1835 in Texas, leaving surviving him two children, his only heirs—a son, L. G. Moses, and a daughter, Amanda F. S. Moses; that the L. G. Moses who, for himself and as attorney in fact for Amanda F. S. Entriken, executed the deed to Arthur J. Lott, was an heir of David Moses, the married man, and that Mrs. Entriken was his daughter; and that W. L. Davidson, who conveyed the land to defendant G. K. Elkins, was an heir of Arthur J. Lott.

Defendants read in evidence the deed by N. R. May, referred to in the abstract of title as "attorney in fact for H. D. Moses and Amanda Shed, legal heirs of David Moses, deceased, to G. K. Elkins," conveying the two 640 acres surveys in controversy, dated February 2, 1875, recorded in Coleman County, where the land is situated, May 16, 1876, in book A, pages 173, 174, and 175, "the certificate of registration in Coleman County being attested by the signature of the county clerk with the seal of the District Court of Coleman County;" the certificate of acknowledgment being as follows:

"The State of Texas, Brown County.—Before me, John Y. Rankin, clerk District Court in and for said county of Brown, in the State of Texas, duly commissioned and qualified, this day came and personally appeared N. R. May, agent and attorney in fact for H. D. Moses and Amanda Shed, of Pike County, Georgia, to me well known, formerly of the county of Freestone, to me personally known, who signed the names of said Moses and Shed as their agent and attorney in fact, and being by me duly sworn, signed and acknowledged the execution of the foregoing deed dated the 26th day of January, A. D. 1875, and delivered the same as their binding act and deed for the purposes and consideration herein set forth and contained.

"Given under my hand and official seal, at office in Brownwood, Texas, this the 26th day of January, A. D. 1875.

[Seal attached]                                    "J. Y. RANKIN,
              "Clerk District Court Brown County, Texas."

Defendants also introduced the record book of Coleman County, deed records, containing the record of the above deed, together with a certified copy of said deed under the hand and seal of county clerk of Coleman County, showing registration of deed in Coleman County, Texas, May 16, 1876.

Defendants also introduced warranty deed by G. K. Elkins to W. M. Erath, conveying survey number 499 for 640 acres (being one of the tracts of land in controversy), dated October 17, 1882, duly recorded October 17, 1882, in Coleman County, Texas.

Also, warranty deed by Erath to defendant Dibrell to survey 499 (same conveyed by Elkins to Erath, both mentioned in the abstract of title).

dated October 17, 1883, duly recorded in Coleman County on same day.

Also, of L. G. Moses, for himself and as attorney in fact for David Entriken and Amanda S. F. Entriken his wife, to Arthur J. Lott, conveying the land in suit, dated November 29, 1856, as conveying the interest of L. G. Moses only; recorded in Travis County April 12, 1858, and recorded in Coleman County February 3, 1885.

Also, warranty deed by Davidson to G. K. Elkins, defendant, conveying his undivided one-half of both surveys in suit, dated January 1, 1886, recorded in Coleman County, Texas, July 6, 1886.

The evidence was sufficient to support the finding of the jury (if the verdict included such finding), that the David Moses under whom plaintiffs claim was the person to whose heirs the certificates were issued and the patents to the land in suit were granted.

The evidence supports the finding of the jury, and we find, from the uncontradicted testimony, that defendant Elkins had adverse and continuous possession of survey number 500 from the time he bought from May (January 21, 1875), to the time this suit was instituted (August, 1888), claiming under the May deed and paying all the taxes; and that he had such possession in person for the year 1875, and by tenant afterwards up to the time he sold to Erath, of survey number 499, paying all the taxes; and that Erath had such possession of the same under his deed from Elkins, paying the taxes up to the time he sold to Dibrell, who in turn took possession at once under his deed and held possession until suit was brought; and that portions of such surveys were so occupied by the parties, and cultivated each and every year, from the time of entry to the time of suit. On this subject there is no conflict in the testimony.

Under the first assignment of error, the first proposition by the plaintiff is, that "when a deed or a power of attorney under which it is executed is a forgery, it is error to admit it in evidence without proof of its execution as at common law."

This is true as to the instrument itself attacked by proper affidavit as a forgery. Sayles' Civ. Stats., art. 2257; Belcher v. Fox, 60 Texas, 528.

But the statute prescribes no such rule of evidence as to a duly recorded deed or instrument executed by virtue of a power of attorney which is alleged to be a forgery. After filing the affidavit, the statute puts in issue the execution of the instrument so attacked, and puts the burden of proof upon the party offering it, but expressly declares, that every instrument duly recorded, as required by law, shall be admitted in evidence without proof of its execution, unless attacked as a forgery. The statute lays down a rule of evidence, and the deed in question, if duly proven for record, other provisions of the law having been complied with, and there being as to it no issue of forgery, was admissible as a recorded instrument. Hancock v. Lumber Co., 65 Texas, 232.

Plaintiffs also objected to the introduction of the deed by May to

Elkins, on the ground that the certificate of registration by the county clerk of Coleman County was attested by the seal of the District Court. The deed was recorded May 16, 1876.

The objection, if tenable, was fully met and obviated by the production of the record book itself from Coleman County, which contained the record of the deed, and a certified copy under the hand and seal of the county clerk of Coleman County, showing the registration of the deed in the county May 16, 1876. . Rev. Stats., art. 4299; 1 Pasch. Dig., arts. 5012, 5013, 5014.

The next objection to the deed as a recorded instrument is, that the certificate of the clerk does not state that he identified the person making the acknowledgment as the person who signed the deed.

The certificate does, in our opinion, identify May as personally known to the officer, and who then signed the instrument and acknowledged its execution, and delivered the same as the binding act of his principals, for the purposes, etc. The certificate, though not in technical form, substantially states the facts of a good acknowledgment, which authorized the deed's registration.

Reading the whole certificate, we do not think it is difficult, as claimed by plaintiffs, to determine who appeared before the officer to acknowledge the deed, in what capacity, and whose act it was, and for whom.

It is contended by plaintiffs, that a forged deed, or a deed under a forged power of attorney, will not support the plea of limitation.

This is true as to the five years statute of limitations, as expressly provided by statute (Revised Statutes, article 3193), but the statute does not reach the case under the plea of ten years limitation. It seems reasonable, that as the statute specially refers to the bar by five years limitation without including the ten years limitation, it was intended to exclude the claim by the ten years, and that the statutory rule would not apply to the latter.

It must be borne in mind, that the deed by the agent is not impeached; it is only the power under which it was executed; and that this power was. not in evidence, presumably because it could not be proved as at common law, it having been lost and the record of it having been destroyed by fire, as stated in the abstract of title furnished by defendants upon demand of plaintiffs. The power is not shown to be a forgery, but only attacked as such, and if it were tendered in evidence, the burden of proving its execution would be upon the defendants.

It was not offered in evidence; it was abandoned, without attempt to prove its genuineness.

The deed itself is not in the same condition; it is not impeached by affidavit; it is what it purports to be—a deed by May as agent to Elkins. It does not convey title had it been in May's principals, but it is on its face a deed, containing all the elements of a valid deed tested by itself,.

and we think may be the basis of limitation by the ten years statute. The deed was duly acknowledged and duly recorded. Assuming that there was no power in the agent to make the conveyance, his act was a deed.

In Wofford v. McKinna, 23 Texas, 44, where it was held that a void tax deed could be used as predicate of limitation, the question of necessity of a power was discussed; it is said:  "It does not follow that it [a deed] is not a deed because the power of the agent is not produced."

It was held in Charle v. Saffold, 13 Texas, 109, 110, that a void will duly probated would furnish predicate for the ten years statute.  We can not see that the absence of the power in this case can extend further than the mere fact that there is no power, and that the fact will not affect the deed as such under the ten years statute, to the extent of the boundaries as described therein.  Rev. Stats., art. 3195; Lambert v. Weir, 27 Texas, 359; Jones v. Menard, 1 Texas, 771.

The deeds from Elkins to Erath and from Erath to Dibrell described the land conveyed to Dibrell; and there being no doubt as to the possession for ten years as alleged by the defendants, the jury, under a proper charge of the court, could not have done otherwise than find for defendants on their pleas of ten years limitation.

If we are correct in our conclusion, that defendants could base limitation upon the deed from May to Elkins, the court, under the testimony, should have directed the jury to find for defendants on the pleas of the statute of ten years limitation.

This being established, it becomes unnecessary to examine the rulings of the court upon the introduction of the deed from Elkins to Erath and from him to Dibrell; objected to upon the same grounds as the deed from May to Elkins; or the charges of the court upon the five years statute, or any other rulings not before disposed of.

We are of opinion that the judgment of the lower court should be affirmed, and it is so ordered.

*Affirmed.*

Delivered February 22, 1893.