NEAL et al. v. PICKETT et al. (No. 7271.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 21, 1925. Rehearing Denied Feb. 18, 1925.)

1. **Escrows** &#8646;14(1) — **Delivery procured by fraud held no delivery in contemplation of law.**

Where deed was placed in escrow to be delivered upon condition that grantees before lapse of 6 months have on land machinery necessary to bore test oil well and begin work thereon, delivery upon fraudulent representation that conditions had been met *held* no delivery in contemplation of law.

2. **Vendor and purchaser** &#8646;239(9)—**Can be no innocent purchaser for value from grantee who procured delivery of deed by fraud.**

Where deed was delivered to grantees on their fraudulent representations that they had complied with conditions precedent by starting in good faith to bore test oil well on the land, *held* that there could be no innocent purchaser for value from such grantees; deed being upon same footing as forged deed.

3. **Adverse possession** &#8646;71(2)—**Three and 5 year limitations not available, where delivery of deed procured by fraud.**

In suit to try title by heirs of grantor, where deed was delivered on fraudulent representations that grantees had complied with conditions by starting test oil well on the land, 3 and 5 year statutes of limitations *held* not available to purchasers from grantees with knowledge; such deed being upon equal footing with forged deed.

4. **Adverse possession** &#8646;71(2)—**Deed procured to be delivered by fraud no basis of title under 10-year statute.**

Deed procured to be delivered to grantees by their fraudulent representations that they had complied with conditions precedent by starting test well thereon *held* no possible basis of title under 10-year statute of limitations; such delivery being in law no delivery.

5. **Limitation of actions** &#8646;13—**Parties inducing delay in asserting cause of action estopped to set up limitations.**

In suit to try title by heirs of grantor where deed was delivered on grantees' fraudulent representations that they had complied with conditions precedent by starting test oil well on the land, purchasers from grantees, with knowledge, *held* estopped from setting up statute of limitations, where heirs allowed period to run, relying on grantees' repeated promises to sink well in question.

6. **Limitation of actions** &#8646;13—**Doctrine avoiding running of limitations by estoppel applicable to both law and equity.**

Doctrine avoiding running of statute of limitations on ground of estoppel applies to cases both of equity and law.

Appeal from District Court, Wilson County; Covey C. Thomas, Judge.

Suit by Mrs. Jennie B. Pickett and others against T. V. Neal and others. From a judg-

---

ment for plaintiffs, defendants appeal. Affirmed.

Haltom & Haltom, of San Antonio, for appellants.

L. B. Wiseman, of Floresville, and Dibrell & Mosheim, of Seguin, for appellees.

COBBS, J. This suit was brought by appellees against appellants to recover title to 25 acres of land situated in Wilson county, Tex. The suit, as originally brought, was in trespass to try title. The original defendants, who were tenants of R. M. Ellerd, answered by pleas of general demurrer and not guilty. After the cause had been pending over 2 years the interveners, W. F. Snody and T. V. Neal, filed their pleas of intervention. Their claims were founded upon a warranty deed from J. J. Ellerd to an undivided half interest in the land sued for and a quitclaim deed from R. M. Ellerd to an undivided half interest in said land. It was shown that at the time they purchased the land they had knowledge of the pendency of the suit and the nature of its allegations.

In the second amended original petition, upon which the case was tried, it was alleged that appellees claimed to be the owners of the land sued for as heirs and devisees under the will of A. G. Pickett, deceased. A. G. Pickett, deceased, was the common source of title, he having made a deed to the land in controversy to W. B. Lewis and R. M. Ellerd on February 17, 1906, which deed and the sum of $500 were put up by Lewis and Ellerd, in escrow, with J. H. Brown, of Floresville, Tex., to be delivered to Lewis and Ellerd, upon their complying with certain conditions and the fulfillment of certain obligations contained in a contemporaneous written agreement executed by A. G. Pickett and Lewis and Ellerd, under whom appellants claim title to the land sued for. The deed and the $500 were to have been held by J. H. Brown in escrow, and were not to be delivered to Lewis and Ellerd, unless the machinery sufficient to sink a test well on the land sued for, or on a certain 1½ acres of land adjacent to the 25 acres, at that time owned by the city of Floresville, and work began in good faith on said well, within 6 months from the date of said deed and agreement.

In the contemporaneous agreement Lewis and Ellerd bound themselves to bore a well for oil on said 25 acres of land, or on said city property, at such place as a geologist selected by said Lewis and Ellerd may indicate to be the proper place for such a well. They agreed and obligated themselves to place the necessary machinery for boring for oil on said land and to begin work on the well within 6 months from the date of the agreement. And it was agreed that, after the work had been commenced, in compliance with the terms and conditions of the agreement, the deed and the sum of $500 should

269 S.W.—11

be delivered to said Lewis and Ellerd, or their order, otherwise the deed and the said sum of $500 should be delivered to said Pickett; that is, if the machinery was not placed on said land and work had not been begun in good faith on said well within said specified time, then the said Pickett should receive the deed and the said sum of $500.

Notwithstanding the terms and provisions of said contract, the said R. M. Ellerd, acting for Lewis and Ellerd, procured the delivery of said deed and forfeit of $500 by fraud, misrepresentation, and false promises to perform said contract in good faith, and carry out all of the provisions thereof in strict compliance therewith, and make a thorough test for oil by drilling the necessary well on said land. At the time of the expiration of the time limit contained in said contemporaneous agreement, the said A. G. Pickett had departed this life, and the conditions of said contract had not been complied with by Lewis and Ellerd within said time limit; no machinery had been placed upon said land; no derrick erected; and drilling had not been begun. The only machinery that had been placed upon said land was a spade, a post hole digger, and a grubbing hoe, and the only work performed upon said land was the digging of a hole in the ground 2 feet square, 2 feet deep, with an auger hole in the center of the square hole about 2 feet deep. This hole was carefully covered with a plank and a couple of posts. With such compliance with the conditions of the contract the deed and forfeit money were delivered to R. M. Ellerd by W. O. Murray, as independent executor of the estate of A. G. Pickett, deceased, and B. F. Ballard, an attorney who represented himself and appellees, upon the assurance of R. M. Ellerd that the terms of said contract had been fully complied with and that the machinery had been placed upon the ground on said land and work in good faith begun in sinking a test well for oil.

The only pleas made by interveners were the statutes of limitation of 3, 4, 5, and 10 years, as a bar to plaintiffs' right to recover the land sued for. In reply to such pleas of limitation appellees alleged and proved that R. M. Ellerd, under whom interveners claim title to the land sued for, procured the delivery of said deed from A. G. Pickett by falsely representing to those who delivered the deed and forfeit that he had in all things complied with the conditions and obligations entitling him to receive the deed and forfeit, when, in fact, he had in no respect complied with the conditions of said contract authorizing the delivery of the deed and forfeit to him, which false representations were believed and relied upon by Murray and Ballard.

It was shown that R. M. Ellerd, for the purpose of deceiving appellees and inducing them not to take action to recover said land,

promised said appellees from time to time, and from year to year, that he would in good faith comply with said conditions and obligations of said contract and sink upon said land a test well, if appellees would forego any action to recover said land and to set aside the deed, the delivery of which had been procured by false representations. Appellees relied upon the promises and assurances of said R. M. Ellerd, and, believing that he was acting in good faith, forebore any action until they were informed by said Ellerd, in June, 1919, that all of his representations and promises to sink a test well upon said land was a joke on his part, and that he never intended to sink a well upon said land with the small acreage he had secured.

As soon as practicable, after being informed by R. M. Ellerd that he never intended to sink the test well as he had agreed to do, appellees instituted this suit, which was on the 26th day of December, A. D. 1919.

In addition to the plea of estoppel and suspension of the running of the statute of limitation, the plaintiff Mary Vance Pickett answered that she was born on the 6th day of January, 1895, and, this suit having been brought on December 26, 1919, less than five years had elapsed after she became of age, and her minority was pleaded in bar of the running of the statutes.

The cause was submitted to the jury upon eight special issues, and upon the answers thereto judgment was rendered for appellees for the land sued for, except 5 acres, which was decreed to the intervener B. F. Ballard.

The appellants have presented 14 points on this appeal, raising questions of law for the decision of this court. However, these 14 points may be reduced to about two points:

[1, 2] First. Was the deed from A. G. Pickett to Lewis and Ellerd ever delivered? If never delivered, in contemplation of law, has it any better footing or standing than a forged instrument? The jury answered to issue No. 1 that Lewis and Ellerd had not complied with the conditions of the contract requiring that the machinery necessary for boring for oil and work to be begun in good faith on sinking a well before the expiration of the six months provided in the contract. The deed was therefore delivered contrary to the provisions, conditions, and obligations imposed by the contract. The independent executor, W. O. Murray, relied on the false and fraudulent statements of Ellerd, and delivered the deed to him, but such action on the part of the independent executor could not bind the heirs, for the reason that one who bears a fiduciary relation to those interested in the land cannot as independent executor release any substantial right which they have under the law, and it makes no difference whether or not B. F. Ballard, who represented himself and the appellees, rightfully or wrongfully assented to the delivery. The representations made by Ellerd were not true, because no machinery had been placed on the land mentioned in the deed, and no work had been begun in compliance with the expressed condition and obligation that the deed should not have been delivered until such machinery sufficient to drill a well that would test the land for oil and drilling actually begun. It is true the evidence was conflicting, but was overwhelmingly in favor of appellees, that before the expiration of the six months time limit the machinery necessary for boring for oil had not been placed upon the land as required by the contract. If the deed was never delivered, then there could be no innocent purchaser for value from Lewis and Ellerd, for a deed not delivered or wrongfully delivered is upon the same footing as a forged deed. Steffian et al. v. Milmo National Bank, 69 Tex. 513, 6 S. W. 823.

[3, 4] Second. Was title to the land in controversy secured by appellants by their plea of 3, 4, 5, and 10 year limitation? If the deed in this case, having never been delivered, was upon an equal footing with a forged deed, then appellants could not avail themselves of the statutes of limitation, and could not acquire title to the land in controversy under such pleas. Certainly they could not do so under the 3 and 5 year statute. Not under the 3-year statute because it would be a defect involving "the want of intrinsic fairness and honesty." Macdonnell v. De Los Fuentes, 7 Tex. Civ. App. 136, 26 S. W. 792. Not under the five-year statute. Snowden v. Rush, 69 Tex. 593, 6 S. W. 767; article 5674, Vernon's Sayles. Whether the 10-year statute of limitation would apply in such cases, our courts seem to hold that, where a forged deed forms a link in a chain of title, the statute of 10 years will apply, but this holding is upon the theory that the claim of limitation is not founded upon the forged instrument alone but upon other instruments forming the chain of title relied upon. Moses v. Dibrell, 2 Tex. Civ. App. 457, 21 S. W. 414.

It would seem that the bar of 5-year limitation intended to exclude the claim by the 10 years, and that therefore the statutory provision would not apply in the latter case. The holding in that case was upon the fact that the deed by the agent was not impeached, and that the power of the agent was not in evidence, and that the power not a forgery, or not shown to have been a forgery, should not affect the statute of 10-year limitation. In other words stating that where the claim is under a forged deed and not under a forged instrument as a link in the chain of title, the bar is based upon the principle that a forged deed is no deed at all, and cannot form the basis of any claim to the land it purports to convey. Where the claim of the statute of 10 years is under a forged deed as the only muniment of title,

no rights can under any circumstances accrue to the party so holding. Therefore a deed that has never been delivered, as is the case here, cannot under any circumstances form the basis of title to the land embraced therein. The manner in which this deed was delivered and fraud perpetrated in securing the delivery of it, is in law as if no delivery had been made.

[5] Appellees relied upon the statements, representations, and promises made by R. M. Ellerd from time to time, from month to month, and from year to year, that, if they would only be patient and forego any action to recover the property, he would thoroughly test said land for oil, and would sink a well thereupon that would test whether said land was oil-bearing in paying quantities or not; and, being made to believe by said R. M. Ellerd that the land was oil-bearing, and that all of his representations were made in good faith, the appellees did not institute proceedings to assert their cause of action, which had been so long delayed by the palpable fraud of the very person who is seeking to benefit from their inaction superinduced by his own fraud, until they were startled by the declaration of said Ellerd that all of his representations and promises were but a joke, and that he never intended to test said land for oil. Clearly the doctrine of estoppel may be invoked and applied to appellants' claim to prohibit them from relying upon the statute of limitation.

It is a general principle that, when a defendant elects to set up a statute of limitation, when previously by deception, or any violation of duty towards the plaintiff, he has caused him to subject his claim to the statutory bar, such person must be charged with having wrongfully obtained an advantage, which equity will not allow him to hold. And such defendant will be estopped to set up the statute of limitation in bar of plaintiff's claim when the delay which would otherwise give operation to the statute has been induced by the promise or representation that withholding action would be rewarded by making an assertion of the cause of action unnecessary. A promise to forbear to sue or assert a cause of action constitutes a good consideration. Randon v. Toby, 11 How. 517, 13 L. Ed. 784.

[6] The doctrine avoiding the running of the statute of limitation upon the ground of estoppel is not only applicable to cases of equity but likewise applicable to cases of law. Munson v. Hallowell, 26 Tex. 478, 84 Am. Dec. 582.

We can perceive of no difference in principle from concealment by fraud of a cause of action, than by false promises and representations a person, having and knowing of his cause of action, is fraudulently delayed in bringing action in the hope, relying upon such fraudulent promises, of gaining the fruit of his cause of action without litigation, and, where he believes and relies upon such promises, incurs a bar of his cause of action.

Appellees makes no further contention with reference to the intervener B. F. Ballard, for the reason that the 5 acres recovered by him is to be taken out of the 25 acres recovered by appellees.

We have carefully considered this case, and we do not think there is any merit in appellants' contentions. We believe the case has been fairly tried and that justice has been administered, and we therefore affirm the judgment.