No. 2272.

## STELLA SNOWDEN *v.* O. T. RUSH ET AL.

1. LIMITATION.—CASE REVIEWED AND DISTINGUISHED.—Though a second vendee from the same vendor, who has purchased with knowledge of the former sale, can not prescribe under the three years statute, because of the want of intrinsic fairness and honesty in the transaction, and his failure to connect himself with the sovereignty of the soil, this rule does not apply to one in possession claiming under the five years statute. If such an one fills the requisites of the statute as to the period of his possession, and in all other respects, the fact that he had knowledge when he purchased that his vendor had previously conveyed title, can not affect his right to title and possession. Harris v. Hardeman, 27 Texas, 248, reviewed and distinguished.
2. LIMITATION.—Under the five years statute, the payment of taxes must be concurrent in point of time with the possession.
3. NOTARIAL DEED—ACKNOWLEDGMENT.—A deed made in 1838, signed by the vendor with witnesses, and by the chief justice and ex-officio notary public, executed as a notarial act, and which in the body thereof recites in appropriate form the acknowledgment of the vendor, needed no other formal acknowledgment to admit it to record.

APPEAL from DeWitt. Tried below before the Hon. H. Clay Pleasants.

*S. F. Grimes* and *R. A. Pleasants,* for appellant.

*W. R. Friend,* for appellees.

COLLARD, JUDGE. Appellant assigns errors as follows:

"1.   The court erred in holding that the plaintiffs were barred by the five years statute of limitations, when the facts show that the defendant purchased the land with full knowledge that their vendor had no title, and took a deed and went into possession of the same with notice both actual and constructive of the title of plaintiff.

"2.   The court erred in its conclusion that proof of payment of taxes for four years is sufficient to make the five years statute of limitation available as a defense, when the other requisites of the statute have been proven.

"3.   The court erred in its conclusion that the five years statute of limitation is available as a defense when the land sued for is unoccupied."

The fourth assignment is waived.

The first assignment of error and the proposition thereunder in effect assert that the defendant Rush and the intervenor, having purchased the land claimed by them with constructive knowledge by the record of the deed from Ware to Lewis, that Ware, the original grantee, under whom they deraigned title, had, in 1838, conveyed the land to William P. Lewis, could not prescribe under the five years statute even though the law had been strictly complied with, because the second sale by Ware in 1875, to Casey, was a fraud upon his first vendee.   The proposition can not be sustained.   Under a plea of three years limitation the second vendee with actual or constructive knowledge of the first sale can not recover, because of the want of intrinsic fairness and honesty in the transaction, and because he does not connect himself with the soverignty of the soil.   The vendor having previously conveyed the estate, has nothing to convey to a second vendee, who has notice of the first sale. (Rev. Stats., 3191, 3192; Paxton v. Myer, 67 Texas, 96; Wright v. Daily, 26 Texas, 731; Harris v. Hardeman, 27 Texas, 248; Brownson v. Scanlan, 59 Texas, 225, et seq.

This principle has never been applied to a claim under the five years statute.   A forged deed, or a deed under a forged power of attorney can not be the basis of the plea of five years limitation.   This is expressly provided by the statute; but such a legal fraud as is complained of in this case has not, so far as we can ascertain, been held to defeat the plea.   In the case of Harris v. Hardeman, above cited, the language used might be so construed.   It is stated that the sale by the owner divested him of all title; "and no title could afterwards pass from him by in-

heritance, and his descendants, or those claiming under him, were consequently possessors of the land without title, and were not in a position to plead the statute of limitations of three or five years." But by reference to the same case as reported in 15 Texas, 470, when it was first before the court, it will be seen that there was no paper title; the claim was by inheritance; the possession was not accompanied by deed or deeds duly registered as required by the law. The case cited by appellant does not sustain the proposition. (Eliot v. Whitaker, 30 Texas, 420, 421.) All that was said upon the subject in that case related to the plea of three years possession. The five years statute was held to be unsupported by the evidence.

In Brownson v. Scanlan, supra, Chief Justice Willie decides the point adversely to appellant. Scanlan's plea of five years possession was upheld, notwithstanding one of the deeds through which he deraigned was executed by a party who had previously conveyed all his interest in the land.

The second assignment, that the payment of taxes for four years is insufficient under the five years statute, is a self-evident proposition, if sustained by the facts. The court found that the taxes were paid in 1877, 1878, 1879 and 1880 by Davidson, Atkinson and Sorrell, and since then by the defendant and the intervenor. The suit was brought in 1886. Defendant Rush was in possession under deeds duly registered from the time of the sale by Casey to Atkinson and Davidson, November 23, 1875; and when the land was partitioned in 1881 (February 11), the part allotted to Sorrell, and on the same day sold to Rush, included all the land in possession. Rush has paid the taxes since 1880 to the time of suit. His plea of five years is therefore fully sustained. We conclude that the expression in the findings of fact by the court, after stating that Atkinson and Davidson had their deed from Casey duly recorded, that "the deeds of their several vendors were duly registered in said county," when considered with all the findings of the court, is either a mistake of the clerk in copying the record, or a mistake of the judge; the word "vendors" was evidently intended for "vendees." The conclusions of *law*, as filed by the judge, recite the fact that Davidson and Atkinson and their *vendees* claim under "deeds duly registered," evidently showing that "vendors" is by mistake used for "vendees" in the conclusions of fact.

We find that Rush had a good title under the five years statute of limitations.

It is evident from the findings of the court below, that the taxes had not been paid for five years on the Atkinson and Da, vidson purchase before the Atkinson part of it was partitioned off to Eastland for the estate of Pilgrim. There was no possession after this division of such part by any one. The partition was made on the eleventh of February, 1881, and though the taxes were subsequently paid by the intervenor, it is perfectly clear that there was not five years possession and concurrent payment of taxes. The possession was for but four years, one month and eleven days after the parties commenced paying the taxes. It has been often decided that the possession and payment of taxes must be concurrent. The plea of five years then by the intervenor was not sustained by the proof. (Watson v. Hopkins, 27 Texas, 637; Id., 616; Ledyard v. Brown, 27 Texas, 393; Hays v. Barrera, 26 Texas, 78.)

The intervenor can not prescribe under the ten years statute. Rush's possession, as shown to be adverse to plaintiff's title, commenced about the beginning of the late war; the laws of limitation were suspended from January 28, 1861, to March 31, 1870, the statute of ten years limitation reducing the amount of land recoverable from six hundred and forty acres to one hundred and sixty acres, went into effect on the twenty-fourth day of July, 1879. Thus it will be seen that there were but nine years, six months and twenty-four days adverse possession up to the time when but one hundred and sixty acres could be recovered, without a registered deed; and the part in possession by Rush was severed and set apart to Sorrell, from whom Rush bought, leaving the land of the intervenor unoccupied. It follows that Rush's tract, containing several hundred acres more than could be acquired by the ten years statute under the act of 1879, the intervenor can hold no part of her tract by naked possession under the ten years statute. Ware had sold the land in 1838, and there was no memorandum in writing duly registered of any claim by him until the sale by his vendee, Casey, to Davidson and Atkinson in 1875, and hence the claim under Rush's possession would not be coextensive with the boundaries specified in the Casey deed, even though Rush's possession of the whole three-fourths of the original grant continued for more than ten years, while the statute was in force. Had the possession of Rush been under a memorandum in writing duly registered for the whole three-fourths of the grant, it having been continued in favor of Ware and his vendees, under the

second sale, for over ten years, then his possession would have extended to the limits of the entire three-fourths of the grant, and the bar so being complete before the severance of the intervenor's interest, she would have had full title precluding all claims. (Rev. Stats., arts. 3194, 3195, 3196.)

Such, however, is not the case upon the facts, and we are constrained to say that in no view of the case can the judgmen, of the court below be sustained as to the intervenor. The judgment of the court below will be affirmed as to defendannt, Rush, and reversed and remanded for a new trial as to the intervenor. In view of another trial, we deem it necessary to say that the deed from Ware to William P. Lewis of date March 22, 1838, excepted to by defendant and intervenor, was properly acknowledged for record and was admissible as a recorded deed. It was a notarial act, signed by the party interested, and the notary, who was also chief justice of Victoria county, and by two witnesses; the acknowledgment was in the body of the instrument. Such acknowledgment has been held to be sufficient under our law to admit it to record. (Brownson v. Scanlan, 59 Texas, 229.)

We are of opinion the judgment of the district court in favor of defendants, O. T. Rush and J. A. Rush, should be affirmed, but that it should be reversed and remanded for a new trial as to the intervenor, G. W. L. Fly, guardian of the estate of Annie Pilgrim, that appellant should pay one-half the costs of this appeal, and the intervenor the other half. And it is so ordered.

*Affirmed as to defendants named in opinion, and reversed and remanded as to others.*

Opinion adopted January 17, 1888.