WILLIAM ANGEL V. S. R. SIMMONDS ET AL.

No. 1000.

1. **Written Instrument—Secondary Evidence.**—Where plaintiff's petition described a written lease, charging it to be in the possession of one of the defendants and giving him notice to produce it, and the evidence of such defendant tends to show it was destroyed by him, a copy of the lease, made at the time of the execution and proved to be correct, is admissible in evidence.

2. **Notice—Putting on Inquiry.**—It is not necessary that a party should have actual knowledge; if he has knowledge of such facts and circumstances as would put a reasonably prudent man on inquiry, and if such inquiry by being so made would have led to a knowledge of the fact in question, such information would have the same effect as actual notice.

3. **Limitations—Statute of Three Years—Intrinsic Fairness.**—Where a deed forming a link in defendant's chain of title was in fact a mortgage, and defendant knew this at the time he purchased the land, such deed will not support the three years' statute of limitations, for "want of intrinsic fairness and honesty in the transaction."

4. **Practice on Appeal—Assignment of Error.**—An assignment of error, that "the court erred in failing to give instructions on defendant's claim of possession of the land in controversy," unaccompanied by any proposition, or any specific statement,

or reference to the record, indicating the point of complaint, is not entitled to consideration.

5. **New Trial—Newly Discovered Evidence.**—Newly discovered evidence, desired for the sole purpose of impeachment, is not ground for a new trial.

APPEAL from Parker.  Tried below before Hon. J. W. PATTERSON.

*John T. Harcourt*, for appellant.—The court erred in the fifth paragraph of the charge to the jury in failing to properly define the law of notice, and what state of facts would charge the defendant, Angel, with notice of a defect in the title.   Rev. Stats., art. 4332; Wethered v. Boon, 17 Texas, 143; Wilson v. Williams, 25 Texas, 55; 1 Story Eq., sec. 400a.

2.  The deed under which William Angel took possession and claimed title was sufficient color of title to support the defense of the statute of limitation of three years, in favor of defendant, Angel. Rev. Stats., arts. 3191, 3192; Craig v. Cartwright, 65 Texas, 413; Erhard v. Hearne, 47 Texas, 470; Downs v. Porter, 55 Texas, 59; Pearson v. Burditt, 26 Texas, 157.

*Albert Stephenson*, for appellees.—1.  The court did not err in the fifth paragraph of its charge to the jury in defining the law of notice and what state of facts would charge the appellant with notice of defect in his title.   Rev. Stats., art. 4332; 65 Texas, 421; 23 Texas, 448; 1 Texas, 326; 47 Texas, 109; 32 Texas, 540; 24 Texas, 620; 11 Texas, 140; 25 Texas, 213; 4 Kent, 179; 1 Story Eq., 339, and notes; 1 Pom. Eq., sec. 600.

2.  If the deed from Simmons to Wood was an absolute deed, and not a mortgage, appellant took title; and if it was a mortgage, it would not support limitations.   The question of innocent purchaser was pertinent; the question of limitation was not.   Rev. Stats., arts. 3191, 3192; Snowden v. Rush, 69 Texas, 593.

TARLTON, CHIEF JUSTICE.— S. R. Simmons, for himself and as next friend of the minor children of himself and his deceased wife, F. E. Simmons, recovered in this action of trespass to try title from S. W. Wood and William Angel, as defendants, eighty acres of land forming the subject of the controversy.

Prior to July 20, 1882, S. R. Simmons and his wife, F. E. Simmons, were the admitted owners of the property.   On that day they executed an instrument, in form an absolute deed, conveying to S. W. Wood the land in suit.   This instrument was in fact a mortgage, being intended to secure the rents to become due on certain property leased for the period of twelve months, to begin on that day, by the plaintiff Simmons from the defendant Wood.

April 26, 1884, S. W. Wood conveyed the land to Alonzo Tate. September 28, 1885, Tate conveyed to J. F. Blackman and William Angel. October 9, 1885, Blackman conveyed to Angel.

At the date of the several conveyances, the vendees knew, or were apprised of such facts as would put them, as prudent men, upon inquiry as to the true character of the instrument executed by Simmons to Wood, and would thus lead to a knowledge thereof.

*Conclusions of Law.*—The court did not err in admitting in evidence a copy of the lease contract entered into between Simmons and Wood. This contract was fully described in the plaintiffs' petition, and it may be said that, in a sense, it formed a ground of the plaintiffs' declaration. S. W. Wood was charged with its possession, and notice was given to him to produce it. His testimony indicated that the original was destroyed. The evidence proved the correctness of the copy made at the time of the execution of the original. Lumber Co. v. Tel. Co., 58 Texas, 394.

On the question of notice, the court instructed the jury, that "it is not necessary that a party should have actual knowledge; and if Angel had knowledge of such facts and circumstances as would have put a reasonably prudent man upon inquiry, and if such inquiry by being so made would have led to a knowledge of the fact that said instrument was a mortgage, if in fact it was a mortgage, such information would have the same effect as actual notice."

We think this instruction is a substantially accurate exposition of the law, and that it was amply justified by the evidence in this case; and we thus overrule appellant's sixth assignment of error.

The evidence was conflicting as to whether the defendant Angel held continuous possession, for three years prior to the institution of the suit, of the land in controversy, but we are of opinion that the court did not err in failing to charge on defendant's plea of the statute of limitation of three years. Having submitted the issue of absolute deed or mortgage, and that of innocent purchaser, the court was not called upon to charge with reference to the issue of limitation.

As appellee suggests, if the instrument executed by Simmons to Wood was an absolute deed, title thereby passed to the defendant. If, on the other hand, it was a mortgage, and appellant knew that fact, it would not support the plea of three years' limitation, because then there would be a "want of intrinsic fairness and honesty in the transaction." Snowden v. Rush, 69 Texas, 593.

The appellant's eighth assignment, that "the court erred in failing to give any instruction on defendant's claim of possession of the land in controversy," unaccompanied as it is by any proposition, or any specific statement, or reference to the record, indicating the point of complaint, is not entitled to consideration.

. The new trial, sought on the ground of newly discovered evidence, desired for the sole purpose of impeachment, was properly overruled. Sayles' Civ. Stats., art. 1368, note 10. It further appears, that very moderate diligence would have secured the evidence before the trial, which had, in fact, been preceded by others.

The evidence sustains the verdict of the jury, and the judgment is affirmed.

*Affirmed.*

Delivered May 15, 1894.

STEPHENS, Associate Justice, did not sit in this case.