### J. C. GARNER ET AL. v. W. E. BLACK ET AL.

#### No. 1048. Decided December 23, 1901.

**1.—Lien—Payment—Subrogation.**

See this case as to right of a vendee to be subrogated to the claim of his vendor for having discharged a vendor's lien given by a previous owner who, after having conveyed the land, recovered it back as homestead. (P. 130.)

**2.—Same—Limitation.**

One holding land under a conveyance void as against homestead rights of his grantor, can not retain possession by right of having discharged a vendor's lien given by the latter; nor can he or his vendee be protected as lienholders in possession after recovery on the vendor's lien note is barred by limitation. (P. 130.)

**3.—Limitation—Three Years Statute—Color of Title.**

A deed to the homestead which lacks the proper separate acknowledgment by the wife can not constitute title or color of title to support limitation by possession for three years. (Pp. 130, 131.)

**4.—Same—Query—Deed Intended as a Mortgage.**

See case as to effect of a deed, in form, to the homestead, but which was intended to be merely a mortgage, as constituting color of title. (P. 131.)

**5.—Homestead—Abandonment—Findings.**

See findings of fact held to show not an abandonment of the homestead in fact, but an erroneous conclusion from the facts found, of estoppel of claimants, or abandonment as matter of law. (Pp. 129, 131.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Navarro County.

Black and wife sued Garner and Lea to recover property claimed to be their homestead and not legally conveyed. Defendants had judg-

ment and plaintiffs appealed. The judgment being reversed and rendered for appellants, appellees thereupon obtained writ of error.

*McLellan & Prince*, for plaintiffs in error.—The Court of Civil Appeals erred in failing to hold that the cause of action of defendants in error was barred by the statute of limitation of three years. Rev. Stats., arts. 3340, 3341; Marsh v. Weir, 21 Texas, 109; Hussey v. Moser, 70 Texas, 42; Harris v. Wells, 85 Texas, 312; Johnson v. Bryan, 62 Texas, 623; Cole v. Bammel, 62 Texas, 108; Johnson v. Taylor, 60 Texas, 366; Mullins v. Weaver, 57 Texas, 6; Combes v. Thomas, 57 Texas, 321.

The defective acknowledgment of Mrs. Black can not extend to or include the want of intrinsic fairness or honesty, because she was not living on the lot, and had not been for years. She testifies that the deed was honestly executed by herself for a specific purpose. She says: "At the time I signed the instrument to Mr. Lea, my husband told me that he owed Mr. Lea and did not wish to keep him out of his money, so we made him a deed to our house in order that he might use it as collateral security in getting money." Certainly, from her own statement, the conclusion is irresistible that her acts were honest and she endeavored to do what she intended to do, that is, make Lea a deed he could use. The act of the notary in failing to attach a proper certificate certainly can not be considered dishonest or unfair so far as Mrs. Black is concerned, and even when resort is had to extrinsic evidence, the defective acknowledgment does not extend to or include the want of intrinsic fairness or honesty.

There can be no question as to the deed being complete as far as Black is concerned, and if Mrs. Black had not signed, the bar of the statute would have been complete. And yet, if Mrs. Black had not signed she could still have brought this suit and set up her homestead claim, but she would have been barred. The only question then is, does her defective acknowledgment put purchasers on notice that the property sought to be conveyed was her homestead? and that question is answered in this suit by both the trial court and the Court of Civil Appeals holding that Garner is an innocent purchaser. To hold him an innocent purchaser is to necessarily hold that the defective acknowledgment gave him no notice that the property was homestead, and as the homestead claim is Mrs. Black's sole reliance, her defective acknowledgment can not aid her as notice to purchasers, and we respectfully submit that the deed is such a one as will support the statute of three years.

Said court erred in failing to hold that Black and wife had abandoned the property in controversy as homestead. Bank v. Gregory, 1 Texas Ct. Rep., 131; Odum v. Menafee, 33 S. W. Rep., 129; Hussey v. Moser, 70 Texas, 42; Portwood v. Newberry, 79 Texas, 339; Smith v. Uzzell, 56 Texas, 315.

Said court erred in failing to hold that Mrs. Black was estopped

from setting up homestead claim. Bank v. Gregory, 1 Texas Ct. Rep., 131; Johnson v. Bryan, 62 Texas, 623; Miller v. Yturria, 69 Texas, 549; Link v. Page, 72 Texas, 596; Kocourek v. Marak, 54 Texas, 205; Solyer v. Romanet, 52 Texas, 568.

The said court erred in refusing to render judgment in favor of Garner for $99.60, the unpaid purchase money due by Black and which was paid off by Lea to protect Garner's title, because Garner pleaded subrogation to Lea's right and sought judgment therefor.

The trial court found that Black and wife had abandoned the property in controversy as homestead. Abandonment necessarily involves a question of fact, and primarily is an issue for a jury or the trial court to decide.

The Court of Civil Appeals has no legal power, in a case like this, to finally determine the facts. Its power is confined to reversing and remanding for a new trial on disputed questions of fact, and said court erred in rendering this cause.

*Simkins & Mays,* for defendants in error.—To constitute an abandonment of a homestead once acquired and used as such, there being none other acquired in the meantime, the evidence must be clear, and show beyond all reasonable ground of dispute that the home was abandoned and that there was no intention to return and use it again as such, and the burden of proof is upon him who asserts it. Cline v. Upton, 56 Texas, 322; Shepherd v. Cassiday, 20 Texas, 24; Baum v. Williams, 41 S. W. Rep., 840; Sanders v. Sheran, 66 Texas, 655; Gouhenant v. Cockrell, 20 Texas, 96; Cox v. Harvey, 1 Posey U. C., 268; Rollins v. O'Farrell, 77 Texas, 95; Aultman v. Allen, 33 S. W. Rep., 679; Harbison v. Tennison, 38 S. W. Rep., 232; Cross v. Everts, 28 Texas, 524; Foreman v. Meroney, 62 Texas, 727; Lumpkin v. Nicholson, 30 S. W. Rep., 569; Farmer v. Hale, 37 S. W. Rep., 164; Graves v. Campbell, 74 Texas, 579.

The signing and attempted, but fatally defective, acknowledgment, of an alleged deed conveying her homestead, by a married woman, will not estop her in a suit to recover it. Stone v. Sledge, 24 S. W. Rep., 697; McLaren v. Jones, 89 Texas, 131; Grandjean v. City, 38 S. W. Rep., 838; Cross v. Everts, 28 Texas, 524.

Knowledge that the property was the homestead of Black and wife, or knowledge of such facts as would lead a prudent man to a discovery thereof upon proper inquiry, is notice. Pom. Eq., secs. 630, 626; Wade on Notice, secs. 308, 313; Angel v. Simmons, 26 S. W. Rep., 910; Bacon v. O'Connor, 25 Texas, 226; Carter v. Hawkins, 62 Texas, 397; Hines v. Perry, 25 Texas, 453; Vardeman v. Edwards, 21 Texas, 744; Goldman v. Blum, 58 Texas, 639; Harrison v. Zoring, 44 Texas, 263; Carter v. Hawkins, 62 Texas, 393; Lodge v. Simonton, 23 Am. Dec., 48.

If it be conceded that P. M. Lea has equities in this case, still, not having set them up in his pleadings nor asked to have them enforced,

he is not entitled to a recovery thereon. Fuller v. O'Neal, 69 Texas, 349; McKey v. Welch, 22 Texas, 390; Milliken v. Smoot, 64 Texas, 173; Parker v. Beavers, 19 Texas, 410; Crow v. Fiddler, 3 Texas Civ. App., 576; Wheeler v. Wheeler, 65 Texas, 573.

Garner being a mere stranger and volunteer purchaser, at private sale, of the lot in controversy, from P. M. Lea, on December 20, 1893, for which he paid a consideration of $300, without interest of any kind in the property prior thereto, and the Fleming note of $99.60 having long prior thereto been paid off by Lea and the lien released by Fleming, and Lea having sold the property to Garner, claiming it as his own, executing his warranty deed therefor, upon which warranty Garner relies and prays for judgment, and Lea not having transferred said note and lien, or the superior title in the property, to him, Garner has no right of recovery thereon or subrogation thereto. Sheldon on Sub., secs. 240, 241; Boone v. Miller, 86 Texas, 74; Tarver v. Bank, 7 Texas Civ. App., 428; Insurance Co. v. Middleport, 124 U. S., 549; Sandford v. McLean, 3 Paige, 117.

The superior title being in the Corsicana Building and Loan Association, Black's vendor, which was not conveyed to Fred Fleming, Lea, or Garner, any right existing by virtue of the $99.60 note and lien, in whosesoever hands it may be, is barred by the statute of limitations and can not form the basis of recovery in this case. Stephens v. Matthews Heirs, 69 Texas, 341; Trust Co. v. Beckley, 54 S. W. Rep., 1029.

BROWN, ASSOCIATE JUSTICE.—On the 22d day of September, 1898, W. E. Black and wife instituted suit in the District Court of Navarro County against J. C. Garner and P. M. Lea to recover of Garner a certain lot of land in the city of Corsicana and to recover of Lea damages, of which it is not necessary here to make a more particular statement. The petition set up that Black and his wife made a deed to P. M. Lea for the lot in question, and it was alleged that the deed was made absolute in form but really to secure a debt due from Black to Lea. It was alleged that the property was, at the time the deed was made, the homestead of the plaintiffs and that the said deed was void. Defendants denied that the property was the homestead of the plaintiffs, and claimed that the deed was made for the purpose of conveying the title to P. M. Lea. Garner pleaded specially that he had purchased the land in question without notice of any homestead right of the plaintiffs in it; that he paid Lea a valuable consideration for it; and that he received from Lea a warranty deed to the land. Garner also alleged that Lea had paid off a vendor's lien note which Black gave for a part of the purchase money of the lot and which constituted an incumbrance upon it at the time it was conveyed to Lea; and Garner claimed the right to be subrogated to Lea's right to be reimbursed by Black for the amount so paid, with interest and attor-

ney's fees. Black and wife filed a supplemental petition, in which, among other things, they pleaded that the note which was paid off by Lea and to which Garner sought to be subrogated was barred by the statute of four years limitation, and that the claim of Garner to be subrogated was barred by the statute of two years limitation.

The case was tried before the judge without a jury and the following conclusions of fact were filed by the judge:

"1. Plaintiffs, being then husband and wife, bought the lot in 1889, made it their home, and took deed to W. E. Black. They lived on the lot till January, 1891, when W. E. Black went to El Paso, Texas, to take employment. His wife followed in about a month, having rented the place and sold some of the household effects, storing some and taking some with her. Black went into business at El Paso in a few months and lived there with his family on rented premises.

"2. In June, 1893, Black owed $99 on the lot and owed P. M. Lea $200, and at that time made the deed to Lea for the same, with the understanding between Black and Lea's agent at El Paso that the deed was to stand as security for the debt of $200, and not for the $99. Lea later paid the $99. The property was not worth over $300 when the deed was made.

"3. Lea lived in Corsicana all the time from 1889 to the present. About five months after Black made the deed, Lea returned it to El Paso for Mrs. Black's execution, to the end that he might use the property as security for a borrowing of money. Mrs. Black signed the deed and went before a notary public to acknowledge its execution. The notary made a certificate not in formal compliance with the statute, and the deed was returned to Lea, who, in December, 1893, sold and conveyed the lot to defendant Garner for a small cash payment and certain notes, aggregate being $300, and about the value of the property at the time.

"4. Garner bought said property and paid the cash and the notes without notice that the deed was a mortgage and without notice that plaintiffs had lived or intended to again live upon the lot, and with the belief that by his purchase from Lea he acquired title to the property, and paid all taxes from the time he bought the property.

"Black visited Corsicana January, 1894, and for the first time learned that Lea had sold the lot to Garner.

"5. During the years 1891-3 plaintiffs expected to return to Corsicana and reoccupy their lot, but communicated such expectation to no one there. They remained in El Paso and elsewhere. Black being part of the time without the State until the filing of the original petition and later, they never owned a home at any other place.

"6. The property was plaintiffs' homestead when they made the deed to Lea, and the sale by Lea to Garner was a violation of the contract made between Lea's agent and Black.

"7. Defendant Garner expended in good faith about $700 in perma-

nent improvements of the property before suit was begun and without notice that plaintiffs claimed to own the property.

"The rent of the property, not including Garner's improvements, from January 1, 1894, when Garner took possession, to May 22, 1899, was worth $6.50 per month and from the latter month ·till May 22, 1901, $10 per month.

"8. The defendant Garner introduced in evidence a regular and consecutive chain of transfer from and under the sovereignty of the soil to himself, duly recorded save and except that in the deeds. from A. M. Byars and wife, Nancy, to Jas. Kerr and C. P. Kerr, dated January 31, 1861, and in the one from W. E. Black and wife to P. M. Lea, dated June 28, 1893, though in all things else regular, the acknowledgment in each deed omitted the word 'willingly,' or word of similar import, from the certificate of the wife's acknowledgment. The deed from Black to Lea was filed for record April, 1896; the deed from Lea to Garner, May 16, 1894."

The trial court entered judgment against Black and wife that they take nothing by their suit, which judgment was reversed by the Court of Civil Appeals and a judgment rendered in favor of W. E. Black and wife for the lot of land in question and costs of suit; and a judgment against Black and wife, in favor of Garner, for $121.50, the difference between the rent of the place during the time that Garner had possession of it and the value of the improvements which Garner made upon the lot; and in favor of Garner against Lea for $300, amount of purchase money paid for the lot, with 6 per cent interest from May 16, 1894.

The Court of Civil Appeals held that Garner was not entitled to be subrogated to the rights of Lea as the holder of the vendor's lien note which Black had given as a part of the purchase money of the place in controversy; and the application was granted because we thought the ruling error. But it becomes immaterial, since we find that the plaintiffs below pleaded the statute of limitation of two and four years to Garner's plea in reconvention upon the vendor's lien note, and the allegations in Garner's answer show the note was past due more than four years when the plea was filed. No ground for suspending the statute of limitation was alleged. The fact that Garner was in possession of the land on which the note held a lien did not give him a right to hold it against the true owner, for he had no title under which he could assert such right. Baker v. Compton, 52 Texas, 252. The note was barred by the statute of four years.

Garner pleaded the statute of limitation of three years under title and under color of title, and the evidence sustained the adverse possession. The Court of Civil Appeals held that Black did not hold under title or color of title and therefore was not entitled to this defense. The trial court found that the property was the homestead of Black and his wife at the time the deed was made, and it follows that,

whether the instrument under which Lea claimed the title was an absolute deed—the wife not being privily examined—or a mortgage to secure a debt to Lea, it was void; it conferred no title upon the vendee and there was neither title nor color of title to support the plea. Art. 16, sec. 50, Const. of Texas; League v. Rogan, 59 Texas, 431. We do not mean to intimate, however, that a deed in form which is in fact a mortgage will support the statute of three years limitation. We find it unnecessary to decide that question in this case.

Garner claims that the trial judge found that Black had abandoned the place as a home, but the sixth conclusion of fact is positively to the contrary. In the conclusions of law, the trial judge enumerated certain facts and said: "These facts constitute, as to a bona fide purchaser, an abandonment of the homestead, despite the intention of plaintiffs to some time reoccupy it and the circumstance that they had not ownership of another home." This was the conclusion of the court, that, as a matter of law, the plaintiffs were estopped to claim the home, although not in fact abandoned.

We find no error in the judgment of the Court of Civil Appeals, and it is therefore affirmed.

*Affirmed.*