### George Halliday v. Mary A. D. Lambright et al.

Decided May 7, 1902.

**1.—Evidence—Limitations—Minority.**

Where a mother, though asked in a deposition, failed to state the age of her children, this could not, in the absence of any evidence impeaching her, properly be taken as in conflict with her subsequent deposition that one son was born on a particular date such as would permit him to reply minority to a plea of limitations; and the mother's evidence will therefore support a finding in the son's favor on that issue.

**2.—Motion for New Trial—Diligence—Cumulative Evidence.**

In trespass to try title the defendant pleaded limitations and plaintiff pleaded her coverture in reply and testified by deposition that she was married in 1879, and the verdict was in her favor. A witness in the case testified that plaintiff was married in 1880, a date at which her action would have been barred. Defendant moved for a new trial, and attached to his motion an ex parte deposition of plaintiff subsequently taken in which she testified that she was married in 1879. Held, that although such evidence was cumulative and due diligence by defendant was not shown, yet the motion should have prevailed as against a judgment in plaintiff's favor obtained by virtue of her own false testimony.

**3.—Same—Evidence—Certified Copy from Another State.**

To his motion for a new trial defendant attached also a copy of plaintiff's marriage license and the return thereon, certified to by the clerk of the court in another State. Held, that while the court might, in determining the motion for a new trial, take into consideration the copy of the marriage license so certified, yet it would not, under the statute, be admissible in evidence where certified only as is required of instruments recorded in this State, the statute being different as to proving matters recorded elsewhere.

**4.—Deed—Construction.**

Where a deed did not purport to be made for anyone except the grantor, the court properly declined to charge that the jury might take into consideration the other evidence as to facts and circumstances and the length of time which had elapsed since the execution of the deed in determining whether the grantor had authority to act for others.

**5.—Evidence—Ex Parte Affidavit.**

An ex parte affidavit of a third person, with which a party to a suit is in no way connected, is not admissible in evidence against such party.

**6.—Practice on Appeal—Harmless Error.**

Error in refusing special charges affecting the interests of a plaintiff who recovered nothing is harmless as to the defendant.

Appeal from Grayson.   Tried below before Hon. Rice Maxey.

*E. C. McLean,* for appellant.

*A. L. Beaty,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought in the ordinary form of trespass to try title by Mary A. D. Lambright and others as heirs of W. P. DuBose to recover a certain tract of land located and patented by virtue of a bounty land certificate issued to said DuBose. The original suit was filed on March 17, 1898, the only plaintiffs then being Mrs. Lambright and her husband, and Mrs. W. C. Newton, who was alleged to be a feme sole. On January 12, 1899, the first amended original petition was filed making numerous other parties plaintiffs. A second amended original petition was filed on October 11, 1900, making additional plaintiffs, and on April 8, 1901, a third amendment was filed in which many of the parties plaintiff were omitted, and for the first time Walter W. DuBose was made a plaintiff.

. There were a number of defendants to the suit, but as George Halliday is the only one who appealed from the judgment, it will be only necessary to state the matters plead by him and find such facts as relate to his assignments of error. He plead not guilty, the three, five, and ten years statutes of limitation, and suggested improvements in good faith. He asserted and claimed title to 150 acres, described by metes and bounds, of the land sued for. Of the tract claimed by him Evangeline Lombard, joined by her husband, recovered an undivided two-ninths interest, and Walter W. DuBose recovered an undivided one-eighteenth interest therein, the appellant recovering the value of his improvements made in good faith.

W. B. T. DuBose, for the benefit of whose heirs the donation certificate was issued, was killed in the massacre at Goliad in 1836, and left neither wife, children, father, mother, brothers nor sisters surviving him. His heirs on the paternal side are the descendants of Samuel DuBose and Benjamin DuBose, brothers, and Elizabeth Brown, nee DuBose, the sister of his father, Joel DuBose. As to the heirs on the maternal side, two theories were developed by the testimony. The first is that they are the descendants of a sister of Mary Ann DuBose, nee Mell, the mother of Wm. P. B. DuBose. The second is that they are the descendants of John Mell, Thos. Mell, and William Mell, uncles of deceased's mother and brothers of his maternal grandfather. The testimony from which these diverse theories grow is of course conflicting; but it is sufficient to sustain the first. According to it the mother of Wm. P. B. DuBose had one sister, who married Samuel DuBose, the brother of Joel DuBose. One child, Clement C. DuBose, was the issue of this marriage, who left surviving him three children, and Evangeline W. Lombard and Walter W. DuBose are his grandchildren. In fact it is admitted by appellant in the statement of facts that "the evidence was sufficient to show the heirship of plaintiffs (among whom are Evangeline W. Lombard and Walter W. DuBose) who recovered on the trial, and

to show that they inherited the interest which they respectively recovered." This being conceded, the only remaining question of fact to be determined is whether the action of Evangeline W. Lombard and Walter W. DuBose, or of either of them (for they are the only parties plaintiff who recovered as against the appellant), is barred by the statute of limitation.

This question, as to Walter W. Dubose, was not passed upon by the jury, for after all the evidence was introduced the court peremptorily instructed the jury to find for him so much of the land as he recovered. This charge is assigned as error; and under the assignment we will consider the evidence bearing upon it. In replication of appellant's plea of limitation, Walter W. plead minority, and for the purpose of this issue it may be conceded that the evidence is sufficient to show his right of action is barred, unless it was saved by his infancy. As is seen from our statement of the case, he first appeared as a party plaintiff in this suit on April 8, 1901. The only evidence as to his age adduced upon the trial is that of his mother, who testified that he was born February 24, 1878. If this testimony is true, the statute of limitations did not commence to run against him until the 24th of February, 1899. In that event only two years one month and eleven days had run when his suit was instituted, and consequently he could not be barred by any of the statutes of limitation. This, as we have said, is the only evidence upon this issue. It is true that Emma DuBose, Walter's mother, in a prior deposition, although asked as to the ages of her children, failed to state their ages, as did another witness who resided near her. This omission to state the ages of the children, while it may have been good ground to quash the deposition, can not, in the absence of any testimony tending to impeach her or in derogation of her testimony, be taken as in conflict with her subsequent deposition in which she stated that Walter was born on February 24, 1878. We therefore find as a fact that Walter W. DuBose's action was not barred by the statute of limitation, and hold that the court did not err in peremptorily instructing the jury to find in his favor.

In replication of appellant's plea of limitation, Evangeline W. Lombard plead coverture. By agreement of counsel the court charged the jury that if they believed from the evidence that she was not married until the 24th day of December, 1880, she was barred by the statute of limitation from recovering against the defendant Halliday. This we may take as an admission on the part of her counsel that under the facts developed upon the trial her action was barred if she was not married until that time. She testified by deposition taken on the 1st of September, 1900, that she was married in the year 1879, without giving the exact date. Rebecca A. Gratton, by deposition taken on the 8th of October, 1900, testified that Evangeline W. Lombard was married on the 24th of December, 1880. Here we see a direct conflict in the testimony, and it was for the jury to determine the fact as to when the marriage occurred. They found upon the charge submitted that she was

married in the year 1879.   This would be conclusive of the issue, were it not for the fact that it was sought to be opened again by a motion by appellant for a new trial upon the ground of newly discovered testimony.   After the trial appellant took Mrs. Lombard's ex parte depositions, in which she testified that she was married December 24, 1880, and that her marriage was solemnized by Rev. Surratt, in Coahoma County, Mississippi.   A certified copy of the marriage license and return was obtained showing that she was married on December 24, 1880, by Rev. Surratt.   Her deposition and certified copy of the license and return were attached to and made a part of appellant's amended motion for a new trial.   The motion was overruled, and the ruling of the court is assigned as error.   We believe this assignment is well taken.   Her testimony upon the trial was in direct conflict with the testimony of the other witness.   If Mrs. Gratton's testimony were true, according to the admission of her counsel Mrs. Lombard's action was barred by the statute of limitation.   It was made to appear in the amended motion for a new trial by Mrs. Lombard's own testimony, corroborated by a copy and return of her marriage license, that the evidence she gave on the trial was untrue, and that the testimony in conflict with it showed that she was married on December 24, 1880.   While the newly discovered evidence may be regarded as cumulative, and while it may be that the proper diligence was not exercised to produce it upon the trial, we think that in a case like this, where a verdict is shown to rest alone upon the false testimony of a party at interest, the rules in regard to cumulative testimony, and the failure to exercise due diligence to procure it, should not be applied against a party who has been deprived of property to which he had absolute title of which he could not be divested, but for the testimony of the adverse party, which was shown to be absolutely untrue.   As is said by the Supreme Court in McMurray v. McMurray, 67 Texas, 669 :   "The willful giving of false testimony by a party to an action in relation to a matter affecting the issue to be tried is fraud of the most pernicious character, and for such conduct the party injured by it is entitled to have the cause remanded."

The question as to whether the certified copy of the marriage license and the return thereon were admissible in evidence upon the trial is not before us.   We think, however, that upon the motion for new trial they were, in connection with the depositions of Mrs. Lombard, persuasive, and should have been considered by the court in acting upon the motion. In view of another trial we deem it proper to say that we entertain very grave doubts as to the admission of the copy of the license as evidence upon the certificate of the clerk alone.   Our statutes in regard to the admission of copies of records of public officers and of instruments of writing required or permitted by law to be recorded in the office of the county clerk have reference only to records of officers and the office of the clerks of county courts in this State, and can not be extended beyond its jurisdiction.

The deed from W. H. Mell to B. P. and J. B. Hollingsworth, under which appellant claims, does not purport to be for or in behalf of any person except the grantor himself. He claimed to be the next of kin, and the heir of W. P. B. DuBose, and in making the deed acted only in his own right, and did not pretend to act as a representative of any other person. In view of these facts the court was not authorized to submit the charge requested by appellant to the effect that the jury might look to all the facts and circumstances introduced in evidence and also take into consideration the length of time that had elapsed since the execution of the instrument, and determine whether W. H. Mell had authority from the other heirs of W. P. DuBose to act for them.

Nor did the court err in refusing to give at appellant's request a special instruction to the effect that, in deciding as to whether or not the mother of W. P. DuBose had a sister as claimed by plaintiffs, the jury could take into consideration the affidavit of W. H. Mell to the effect that he was the nearest blood relative and heir of Mary Ann Mell, the mother of W. P. DuBose, and give said affidavit such weight as they, under all the circumstances, considered it entitled to. We can conceive of no rule of evidence which would authorize the jury to consider the ex parte affidavit, with which plaintiffs were in no ways connected, of a third party as evidence against them for any purpose.

As Mrs. Newton, one of the plaintiffs, failed to recover anything in this suit, any error that the court may have committed in refusing special charges affecting her interest was as to appellant harmless.

There is no error in the judgment in favor of Walter W. DuBose, and it is affirmed. On account of the error of the court in refusing to grant appellant a new trial as against Mrs. Evangeline Lombard, such judgment is reversed and the cause remanded for a new trial as between her and appellant.

*Affirmed in part; reversed and remanded in part.*