HAYS v. MORRIS. (No. 2002.)

(Court of Civil Appeals of Texas. Texarkana. June 20, 1918.)

1. VENDOR AND PURCHASER ☞228(7)—DEED ABSOLUTE IN FORM—RIGHTS OF PURCHASERS —NOTICE.

One who purchased with knowledge that a deed absolute in form to his grantor was in fact intended as security for a debt occupied no better position than his grantor, and acquired no title to the land.

2. ADVERSE POSSESSION ☞84 — INNOCENT PURCHASER.

In action to try title, the issue being whether defendant was an innocent purchaser, or took with notice that a deed to his grantor was in fact a mortgage, where the jury found that he took with notice, and also that he had held by limitations for the required time, it was error to give effect to the latter finding, since limitations are of no avail to a purchaser with notice.

3. TRESPASS TO TRY TITLE ☞47(1)—RIGHTS OF TRUE OWNER—RENTAL VALUE.

Where defendant purchased with notice that a deed to his grantor was a mortgage, the true owner, in suit to try title, could recover the rental value of the land during the period in which defendant occupied it, less payments made by defendant to the mortgagee.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by Mrs. Ophelia Hays against T. C. Morris. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

The suit was by appellant against appellee to try the title to 42 acres of the John Kittrell survey and for damages. The petition contained only the averments usually made by the plaintiff in a statutory action of trespass to try title. In his answer appellee alleged that he had "had and held peaceable, continuous, and adverse possession under title from and under the state of Texas and from the plaintiff herein of the lands and tenements claimed in said plaintiff's petition for more than three years after plaintiff's cause of action accrued and before the commencement of this suit." In a supplemental petition appellant denied that appellee was in possession of the land by virtue of a deed from her, and alleged the facts to be that by an instrument in form a deed she conveyed the land to Mrs. Mollie Woodle to secure a debt of $200 she owed Mrs. Woodle, and that appellee, "being notified that the said deed to the said Mrs. Mollie Woodle was intended as a mortgage, attempted to purchase the land in controversy from said Mrs. Mollie Woodle, and that the said Mrs. Mollie Woodle made to the defendant, T. C. Morris, the deed under which he claims."

It appeared from the testimony that appel-

lant conveyed the land to Mrs. Mollie Woodle by a deed absolute on its face, dated October 21, 1909, and that Mrs. Woodle conveyed it to appellee by a deed dated October 14, 1911. In response to special issue submitted to them the jury found: (1) That the deed from appellant to Mrs. Woodle was intended as security for the payment of a debt the former owed the latter; (2) that appellee knew at the time Mrs. Woodle conveyed the land to him that the deed to her from appellant was intended by the parties thereto to operate as mere security for appellant's indebtedness to Mrs. Woodle; (3) that appellee "had peaceable and adverse possession of the land" under a deed to him made by Mrs. Woodle October 14, 1911, "planting and growing crops thereon for a period of three years preceding the filing of this suit, which was on November 25, 1914"; (4) that the reasonable rental value of the land was $3 per acre; (5) that appellee paid Mrs. Woodle $250 for the land. A motion by appellant that the court render judgment for her on the findings made by the jury was overruled, and the motion of appellee that judgment be rendered for him on said findings was sustained. The appeal is from a judgment that appellant take nothing by her suit, and that appellee "be granted [quieted?] in his title and possession of the land in this suit," describing same by metes and bounds.

Wheeler & Wheeler, of Texarkana, for appellant. Mahaffey, Keeney &, Dalby, of Texarkana, and J. B. Manning, of New Boston, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] It is insisted that the trial court erred when he overruled appellant's motion to render judgment in her favor on findings made by the jury. We agree he did, and therefore sustain the contention. Admittedly the title to the land was in appellant at the time she conveyed it to Mrs. Woodle. The findings of the jury (1) that the conveyance to Mrs. Woodle was intended to operate merely as security for a debt appellant owed her, and (2) that appellee knew it when he bought the land, required the rendition of a judgment in appellant's favor for the land, unless the effect of the finding in appellee's favor on the issue of limitation required judgment to be rendered for him; for the legal effect of the conveyance to Mrs. Woodle, according to the findings, was to make her a mere mortgagee, and not the owner, of the land; and appellee, buying of her with notice that she had no estate in or title to it, occupied no better position with reference to the land than she did. McLemore v. Bickerstaff, 179 S. W. 536. The question therefore is: Should the court have given effect to the finding in appellee's favor on the issue of limitation and have rendered

judgment for him as he did? It is clear enough in the light of the authorities that the question should be answered in the negative. Angel v. Simmonds, 7 Tex. Civ. App. 331, 26 S. W. 910; Stafford v. Stafford, 71 S. W. 984; Barbee v. Spivey, 32 S. W. 345; Snowden v. Rush, 69 Tex. 593, 6 S. W. 767; Massie v. Meeks, 28 S. W. 44; Garner v. Black, 95 Tex. 125, 65 S. W. 876. The case first cited above seems to be in point. There it appeared that Simmonds owned land in 1882 when he conveyed it to one Wood by an instrument in form a deed, but intended to operate as a mortgage to secure a debt Simmonds owed Wood. In 1884 Wood conveyed the land to Tate, who in 1885 conveyed it to Angel. Tate and Angel at the times, respectively, they bought, had notice of the fact that the deed to Wood was intended as a mortgage. With reference to a complaint made by Angel of the failure of the court to submit to the jury an issue he claimed the evidence made as to title in him by virtue of the statute of limitations, the court said:

"The evidence was conflicting as to whether the defendant Angel held continuous possession, for three years prior to the institution of the suit of the land in controversy, but we are of opinion that the court did not err in failing to charge on defendant's plea of * * * limitations of three years. Having submitted the issue of absolute deed or mortgage and that of innocent purchaser, the court was not called upon to charge with reference to the issue of limitation. As appellee suggests, if the instrument executed by Simmonds to Wood was an absolute deed, title thereby passed to the defendant. If, on the other hand, it was a mortgage, and appellant knew that fact, it would not support the plea of three-year limitation, because then there would be a 'want of intrinsic fairness and honesty in the transaction.'"

[3] The land was conveyed by Mrs. Woodle to appellee October 14, 1911. He testified he took possession of it and began to improve and cultivate it "right straight after he got the deed to it." His possession and use of the land continued to the date of the trial, to wit, October 21, 1917, a period of over six years. The jury found that the annual rental value of the 42 acres was $126, or $3 per acre. So the rental value of the land for the six years appellee used it was $756. In her motion appellant asked for judgment for that amount less $250 appellee paid Mrs. Woodle for the land, which appellant requested the court to allow appellee and deduct from the $756 representing the rental value of the land to the date of the trial. Had the rental value of the land as it accrued annually been applied to the payment of the $250 and interest thereon, there would have been a balance of $481.30 left at the time of the trial of the $756 representing the rental value for the six years appellee had the use of the land.

On the case as stated we think the judgment should have been in appellant's favor for the land and for damages in the sum of $481.30. Therefore the judgment of that court will be reversed, and judgment will be here rendered in appellant's favor as indicated.