## ALFORD et al. v. COLE.

### No. 4375.

Court of Civil Appeals of Texas. Texarkana.

Nov. 16, 1933.

Rehearing Denied Nov. 23, 1933.

T. N. Jones, of Tyler, and Elgin P. Wilson and Pope & Irion, all of Dallas, for appellant.

Tom F. Coleman, of Henderson, and Butler, Price & Maynor, of Tyler, for appellee.

JOHNSON, Chief Justice.

Appellee, A. F. Cole, as plaintiff, sued appellant W. O. Alford, as defendant, in the district court of Smith county, in trespass to try title, to recover a described tract of land located in Smith county; and to have a certain instrument declared a mortgage which was in form a deed, executed by appellee to the law firm of Bulloch, Ramey & Storey, and to have the alleged mortgage credited with the value of certain timber, gravel, and rents converted off the premises by appellant, Alford. Appellee further alleged, in effect, that appellant had at his request become the assignee of the alleged mortgage lien, by taking a special warranty deed from Bulloch, Ramey & Storey; that at the time appellant, Alford, took said special warranty deed to the land he knew and had knowledge of the facts constituting the instrument a mortgage which appellee had executed in the form of a deed to said Bulloch, Ramey & Storey, securing the payment of $600 attorney's fees due by appellee to said law firm; that Alford in turn had conveyed the land to appellee's father, George Cole, and that George Cole had conveyed it back to Alford; that it was agreed and understood between the parties that each of said purported deeds should be and operate as a mortgage lien only upon the land securing the payment of said indebtedness; that appellee had retained possession of the land, continued to pay the taxes, and had kept the interest of 10 per cent. paid to Mr. Alford. To the merits, appellant pleaded not guilty, general and special denial, innocent purchaser, and the statutes of three, five, ten, and four years' limitation (Rev. St. 1925, arts. 5507, 5509, 5510, art. 5520, as amended by Acts 1931, c. 136, § 2 [Vernon's Ann. Civ. St. art. 5520], and art. 5529). The case was tried to a jury, and, on special issues submitted, the jury found that the deed from appellee to Bulloch, Ramey & Storey was intended by the parties thereto as a mortgage or security for attorney's fees; that at the time appellant took the special warranty deed from Bulloch, Ramey & Storey he (appellant) was in possession of such facts or information as would put him on notice that the deed to Bulloch, Ramey & Storey was intended as a mortgage; that appellant, at the time he took the deed from George Cole November 13, 1928, did not have an agreement with said George Cole to hold the land for appellee; that appellant had moved nine hundred yards of gravel from the property, and had received $600 in rents thereon within the last twelve months; and that appellee owed appellant on the alleged mortgage debt $650. The facts found by the jury are supported by the evidence and are adopted by this court. The amount of money received by appellant for timber, being undisputed, was not submitted; neither was the value of the gravel submitted because appellant's testimony fixed its value at 5 cents per yard. Judgment was entered for appellee, A. F. Cole, that he recover the title and possession of the land in question, and the sum of $77.89, the difference between the amount found to be owing appellant by appellee and the amount of rents and other moneys collected off the land by appellant, and costs of suit. From an order of the court overruling his motion for new trial appellant, W. O. Alford, has perfected an appeal to this court and assigns as error: "That the trial court erred in overruling appellant's motion for new trial setting up newly discovered evidence in the form of a written affidavit made by appellee (A. F. Cole) and filed by him in the Federal District Court with a voluntary application in bankruptcy June 17, 1929, over eight years after he had executed the deed he now claims to be a mortgage, and two years before the institution of this suit, in which affidavit appellee swore he did not own any real estate and that no one held any in trust for him."

In appellant's said motion for new trial it is shown by affidavits and instruments attached that appellee in 1929 filed his petition and schedule in bankruptcy in the federal District Court for the Eastern District of Texas, Tyler, Tex., which petition and schedule were sworn to by appellee, A. F. Cole, before appellant, W. O. Alford, notary public, and in the schedule is listed "real estate, none," thereby, in effect, appellee swore that he did not own any real estate in his own name and that none was held in trust for him; and on trial of the present case July 6, 1932, he testified "that he owned the land here in controversy, and that his deed of February 21, 1921, purporting to convey title out of him and into Bulloch, Ramey & Storey was intended by the parties to constitute a mortgage," the legal effect of which was to create a lien on the land, and not to convey title; hence his affidavit and schedule in bankruptcy was in conflict with his testimony in the present trial as to his ownership of the land at the time he made said affidavit.

The appellee by sworn plea controverted appellant's motion for new trial on the grounds that his affidavit to his petition and schedule in bankruptcy was and could be construed only as cumulative in impeachment of his testimony on the present trial, and it was not "newly discovered evidence," in that appellant induced him to file the same and assisted in the preparation of the petition and schedule and was the notary public taking

his affidavit thereto, and that appellant's attorney in the present suit was the referee in bankruptcy before whom said petition and schedule was presented. In this respect further controverting appellant's motion for new trial appellee swore, in substance, that appellant together with the attorney preparing the petition and schedule in bankruptcy came to the field where appellee was at work and the papers were read over to him in the presence of appellant and the land was mentioned, whereupon appellant advised "him that it would not be necessary to mention the land, since appellant had a deed to it and it was appellee's home and not subject to the payment of his debts anyhow, and that appellee would have to pay appellant the amount of money due against the land before he could list it as belonging to him, appellee."

A motion for new trial on the ground of newly discovered evidence is a matter addressed to the sound discretion of the trial judge (San Antonio & A. P. Ry. Co. v. Moore, 31 Tex. Civ. App. 371, 72 S. W. 226); and it should be made to appear that knowledge of the evidence first came to the appellant subsequent to the trial and that it is not due to want of diligence that it was not sooner discovered (Watts v. Johnson, 4 Tex. 311), and that it is not merely cumulative or sought for the purposes of impeachment only (Pelly v. Denison & S. Ry. Co. (Tex. Civ. App.) 78 S. W. 542; Angel v. Simmonds, 7 Tex. Civ. App. 331, 26 S. W. 910), and that it is so material as would probably produce a different result upon a new trial (Texas & N. O. Ry. Co. v. Scarborough, 101 Tex. 436, 108 S. W. 804). See Vol. 18, Tex. S. W. Digest, New Trial, § 99 et seq.

In First National Bank v. Jones (Tex. Civ. App.) 59 S.W.(2d) 1103, 1105, it is said; "It is sufficient to state that it [motion for new trial because of newly discovered evidence] was a matter addressed largely to the discretion of the trial court, and that it is not an abuse of that discretion to refuse a new trial where the evidence was forgotten rather than newly discovered, or where the parties failed to exercise due diligence to discover its existence before the trial."

But appellant contends that the alleged newly discovered evidence set up in his motion for new trial in the present case, consisting of appellee's said affidavit made to his petition and schedule in bankruptcy, does not come within the general rules applicable to motions for a new trial upon the ground of newly discovered evidence, and that it comes within the exception stated in Halliday v. Lambright, 29 Tex. Civ. App. 226, 68 S. W. 712, 714, to the general rule in such matters. In Halliday v. Lambright, supra, Mrs. Evangeline Lombard pleaded coverture in reply to a plea of limitation. Her plea of coverture under the facts of the case would not defeat the plea of limitation unless the date of her marriage was prior to December 24, 1880. She testified in the case that she was married in the year 1879. Rebecca Gratton testified that Mrs. Lombard was married December 24, 1880. The jury found that she was married in 1879. After the trial appellant procured a certified copy of her marriage license and returns thereon showing that she was married December 24, 1880, in Coahoma county, state of Mississippi. And appellant took Mrs. Lombard's ex parte deposition in which she admitted the true facts to be that she was married December 24, 1880, instead of 1879, as she had testified on the trial. Her deposition together with the certified copy of her marriage license and the returns thereon were attached to and made a part of appellant Halliday's motion for a new trial. In sustaining appellant's assignment of error to the order of the trial court overruling the motion for new trial, Judge Neill said: "While the newly discovered evidence may be regarded as cumulative, and while it may be that the proper diligence was not exercised to produce it upon the trial, we think that in a case like this, where a verdict is shown to rest alone upon the false testimony of a party at interest, the rules in regard to cumulative testimony, and the failure to exercise due diligence to procure it, should not be applied against a party who has been deprived of property to which he had absolute title of which he could not be devested but for testimony of the adverse party, which was shown to be absolutely untrue. As is said by the supreme court in McMurray v. McMurray, 67 Tex. 669, 4 S. W. 357: 'The willful giving of false testimony by a party to an action in relation to a matter affecting the issue to be tried is fraud of the most pernicious character, and for such conduct the party injured by it is entitled to have the cause remanded.' "

The distinction in Halliday's motion, supra, and the motion of appellant, Alford, in the present case rests in the facts, in that in Halliday's motion it is shown that Mrs. Lombard's testimony on which alone the jury based their findings was conclusively proven to be and by her admitted to be untrue, where in Alford's it is made to appear that appellee's affidavit before the bankruptcy court is different from and contradictory of his testimony on the trial of the present case, but it does not conclusively establish that his testimony on the present trial was untrue. It could be as well said that his testimony on the present trial established that his affidavit before the bankruptcy court was untrue. The appellee's testimony controverting the motion for a new trial and relating to the circumstances under which his affidavit was made to his petition and schedule in bankruptcy, as well as the testimony of appellant and the evidence on the whole case, were matters to be weighed by the learned trial judge before whom the motion for new trial was heard, and it is not

made to appear that his discretion was abused. The assignment of error is overruled.

■■■ By his second assignment of error appellant complains of the trial court's refusal to give a requested special issue as follows: "Do you find from a preponderance of the evidence that plaintiff brought this suit within four years next after the right to bring same for the cancellation of the deed from A. F. Cole to Bulloch, Ramey & Storey dated February 21, 1921, accrued?"

The assignment cannot be sustained for the reason that we are not of the opinion that the statute of four years' limitation is applicable. The jury found that the instrument in form a deed executed by appellee to Bulloch, Ramey & Storey was intended by the parties as a mortgage. Upon this finding equity gives effect to the real intention of the parties, and declares the instrument to be that which it really is, a mortgage lien, as distinguished from that which in form it appears to be, a conveyance. That part of appellee's petition invoking the equitable powers of the court to hear proof of and to treat the instrument in accordance with the real intention and purpose of the parties executing it instead of being the ultimate object of the suit is ancillary to the cause of action of trespass to try title, as it would also be in case of a suit of a mortgagee suing to foreclose a lien, under an instrument in form a deed. By so invoking action of the equitable powers of the court, the instrument appearing in form a deed is not canceled, annulled, or reformed, but is made effective as that which it really is and has continuously been since its inception. A mortgage creates a lien only upon the land, and is not a conveyance of title to the land, and in this respect is distinguishable from a conveyance of title in trust as was under consideration in the case of Emmons v. Jones (Tex. Civ. App.) 246 S. W. 1052, cited by appellant. And the jury further found that appellant at the time he took a special warranty deed from Bulloch, Ramey & Storey had notice that they held only a mortgage lien. Appellant, then, acquired no title to the land and at best only became a transferee of the mortgage lien. His subsequent transfer to, and repurchase from, appellee's father, George Cole, did not place appellant in any better position, because George Cole admitted that he had knowledge of the facts constituting the deed a mortgage. "Once a mortgage it remains a mortgage," and appellant could not acquire title under the instruments, except by estoppel as a purchaser for value and without notice. In the case of Hays v. Morris, 204 S. W. 672, Chief Justice Willson speaking for this court said: "Admittedly the title to the land was in appellant [Hays] at the time she conveyed it to Mrs. Woodle. The findings of the jury (1) that the conveyance to Mrs. Woodle was intended to operate merely as security for a debt appellant owed her, and (2) that appellee [Morris] knew it when he bought the land [from Mrs. Woodle], required the rendition of a judgment in appellant's favor for the land, unless the effect of the finding in appellee's favor on the issue of limitation required judgment to be rendered for him; for the legal effect of the conveyance to Mrs. Woodle, according to the findings, was to make her a mere mortgagee, and not the owner, of the land; and appellee, buying of her with notice that she had no estate in or title to it, occupied no better position with reference to the land than she did. McLemore v. Bickerstaff [Tex. Civ. App.] 179 S. W. 536. The question therefore is: Should the court have given effect to the finding in appellee's favor on the issue of limitation and have rendered judgment for him as he did? It is clear enough in the light of the authorities that the question should be answered in the negative. Angel v. Simmonds, 7 Tex. Civ. App. 331, 26 S. W. 910; Stafford v. Stafford [29 Tex. Civ. App. 73], 71 S. W. 984; Barbee v. Spivey [Tex. Civ. App.] 32 S. W. 345; Snowden v. Rush, 69 Tex. 593, 6 S. W. 767; Massie v. Meeks [Tex. Civ. App.] 28 S. W. 44; Garner v. Black, 95 Tex. 125, 65 S. W. 876."

■■■ On the trial of the case appellant, defendant in the trial court, testified that he had conveyed to W. A. Brown a corner of 165x150 feet of the land, and that "he has pretty well paid it out" and "he has a filling station on it." W. A. Brown was not made a party to the suit, no exception to the pleadings were made because he had not been made a party, and no request was made by defendant that Brown be made a party, and the trial continued to judgment without Brown's being made a party to the suit. However, defendant in his motion for new trial and in assignment of error to this court complains of the action of the trial court in rendering judgment for the plaintiff for the title and possession of the land, contending that Brown was a necessary party defendant to the suit, and that the judgment was erroneous because of nonjoinder of necessary parties defendant. The assignment would be available in a partition suit, but we are not of the opinion that it can be sustained in the present suit of trespass to try title. Brown will not be bound by the judgment in the present suit, but he is not an indispensable party to the judgment. Stewart v. Kemp, 54 Tex. 248; Heirs of Tevis v. Armstrong, 71 Tex. 59, 9 S. W. 134; Patton v. Tex. Pac. Coal & Oil Co. (Tex. Civ. App.) 225 S. W. 857.

Appellant has made other assignments of errors, all of which have been carefully considered, but we are not of the opinion that either of them presents error, and they are respectfully overruled.

The judgment of the trial court is affirmed.